Susan D. Silveira, Esq.#169630
Silveira Law Offices
1177 Branham Lane #420 (mailing only)
San Jose, California 95118
Telephone:  (408) 265-3482
Facsimile: (408) 265-7479
silveiralaw@earthlink.net

Attorney for Debtor
Jennifer L. Carlson

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In Re: | Case No.  15-51665 MEH |
| JENNIFER L. CARLSON | Chapter 13 |
| Debtor. | ADVERSARY NO.   16-05035 |
| JENNIFER L. CARLSON | |
| Plaintiff, | |
| vs. | |
| 20 CAP FUND I, LLC, Note Resolutions, LLC a subsidiary of National Note Group; FCI Lender Services,  Inc., GFP IV PR SUB, LLC, CLEARSPRING LOAN SERVICES, INC., fka Strategic Recovery Group, LLC, its Successors and Assigns; transferee from Quantum Servicing Corporation transferee from Mortgage Lenders Network USA, Inc. transferee/assignee from Decision One Mortgage Company LLC and MERS, Inc. (Mortgage Electronic Registration Systems, Inc.) | |
| Defendants. | |

**AMENDED COMPLAINT TO DETERMINE THE  NATURE, EXTENT and VALIDITY OF LIEN BASED ON DISALLOWED CLAIM, FOR VIOLATION OF THE AUTOMATIC STAY, AVOIDANCE OF POST-PETITION TRANSFER, TO QUIET TITLE AND FOR DECLARATORY RELIEF**

JENNIFER L. CARLSON, Plaintiff  herein, by and through her attorney, Susan D. Silveira of Silveira Law Offices, complaining of the defendants, alleges:

**Introduction**

1. This is an action filed by the debtor to permanently void lien and quiet title

pursuant to Federal Rule of Bankruptcy Procedure 7001(2), 11 U.S.C. §506(d) and California Code of Civil Procedure §§760, et seq. (Quiet Title) , set aside post-petition transfer pursuant to U.S.C. §§549 and 550 and violation of the automatic stay pursuant to Sections 105 and 362 of the United States Bankruptcy Code, and for declaratory relief pursuant to Federal Rule of Bankruptcy Procedure 7001 (9).

**Jurisdiction and Venue**

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case.

3. This court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section§157(b)2 of Title 28 of the United States Code.

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to Section 1408 of Title 28 of the United States Code and pursuant to Bankruptcy Local Rule 1001-3(d).

**Parties**

7. The Plaintiff in this case is the Debtor under Chapter 13 of Title 11 of the United States Code in Bankruptcy Case No. 15-51665, which case is presently pending before this court. The Plaintiff is hereinafter referred to as "Plaintiff" or "Debtor".

8. Defendant, 20 CAP FUND I, LLC., is a limited liability company, organized and existing under the laws of the state of Delaware and registered in California as of July 22, 2014, and doing business in California with a principal office address of 1081 Camino Del Rio S., Ste 206, San Diego, California 92100.

9. Defendant, Mortgage Electronic Registration Systems, Inc. is a Delaware corporation with its principal address as 1818 Library Street, Ste 300, Reston, Virginia 20190,

registered in California as of July 21, 2010 and doing business in California with a registered agent address of 15420 Laguna Canyon Rd., Ste 100, Irvine, California 92618.

10. FCI Lender Services, Inc. is a California corporation founded in 1982 and its principal place of business is 8180 E. Kaiser Blvd., Anaheim CA 92808 which is also its registered agent address.

11. GFP IV PR SUB, LLC is a limited liability company, organized and existing under the laws of the state of Delaware with its registered agent address c/o United Corporate Services, Inc., 874 Walker Rd. Ste C, Dover, DE 19904. Its principal place of business is 6500 International Parkway, Plano, TX 75093.

12. ClearSpring Loan Services, Inc., formerly known as Strategic Recovery Group, LLC, is a corporation organized under the laws of the State of Delaware. It is registered in California as of August 29, 2007 with its principal place of business at 18451 North Dallas Parkway, Ste 100, Dallas, Texas 75287. Its California registered agent is CT Corporation System, 818 W. Seventh St., Ste 930, Los Angeles, CA 90017.

13. Quantum Servicing Corporation is a corporation organized under the laws of the State of Delaware and registered in California as of July 11, 2005. Its principal place of business is 6302 E. Martin Luther King Jr., Blvd., Suite 310, Tampa, Florida 33619 and its registered agent address for California is CT Corporation System, 818 W. Seventh St., Ste 930, Los Angeles, CA 90017.

14. Mortgage Lenders Network USA, Inc. was a corporation organized under the laws of the State of Delaware and registered in California on December 6, 1996. On February 5, 2007, Mortgage Lenders Network USA, Inc. filed for Chapter 11 bankruptcy relief and subsequently forfeited its registered status in California.

15. Decision One Mortgage Company, LLC was founded in 1996 and organized as a limited liability company under the laws of North Carolina with its principal place of business at 6115 Park South Drive, Ste 200, Charlotte, North Carolina 28210. It was registered as a limited liability company in California on October 5, 1999. That status was canceled as a result of the closure of Decision One Mortgage Company, LLC on or about September 21, 2007.

16. Note Resolutions, LLC is a private mortgage management company and mortgage servicer organized and existing as a limited liability company as of May 10, 2013 under the laws

of the State of New Jersey. Its registered agent address is 1135 Clifton Ave., Ste 204-A, Clifton New Jersey 07013. It is a subsidiary of National Note Group also organized and existing under the laws of the State of New Jersey at 1135 Clifton Avenue, New Jersey 07013.

**Facts Applicable to All Claims for Relief**

17. The Plaintiff is the debtor in the above-referenced bankruptcy proceeding having filed her voluntary petition for Chapter 13 relief on May 15, 2015 in the United States Bankruptcy Court for the Northern District of California, San Jose Division instituting case number 15-51665.

18. On or about May 27, 2004, Debtor and her then husband, Ryan Lee, signed loan documents for the purchase of the property more commonly known as 5821 Paddon Circle, San Jose, CA 95123 hereinafter referred to as the "subject property" and legally described as follows:

> Lot 97, as shown on the map entitled, "Tract No. 4493", which map was filed for record in the Office of the Recorder of the County of Santa Clara, State of California, on July 10, 1968 in Book 239 of Maps, at Pages 46 and 47.

Among the loan documents were a Deed of Trust for a second mortgage, hereinafter referred to as the "second lien". This original loan was obtained with Decision One Mortgage Company, LLC and the deed of trust, naming Decision One Mortgage Company, LLC as the lender with MERS (Mortgage Electronic Registration Systems, Inc.) as its nominee, was recorded on June 4, 2004 as document number 17830179 with the Office of the Recorder of the County of Santa Clara.

19. On or about June of 2005, Debtor and Ryan Anthony Lee separated formally by way of a separation agreement dated May 1, 2005. The divorce was finalized on July 21, 2006. The Debtor was awarded sole legal title of the subject property located at 5821 Paddon Circle, San Jose, CA 95123.

20. On or about October 17, 2006, an Interspousal Transfer Deed was signed by Ryan A. Lee granting the debtor sole title to the subject property. This was recorded on June 21, 2007 as document number 19477820 with the Santa Clara County Recorder's Office.

21. On November 17, 2006, the debtor, Jennifer Carlson, formerly known as Jennifer Lambert, formerly known as Jennifer L. Lee, filed for Chapter 13 bankruptcy relief in the San Jose Division of the Northern District of California as Case No. 06-52363.

22. On or about November 30, 2006, Mortgage Lenders Network USA filed a proof of claim asserting its right to collect on the second lien on the subject property as a secured claim, hereinafter referred to as "the claim". This proof of claim included a copy of the original deed of

trust but did not include an assignment of that deed of trust and it did not include a copy of the Promissory note for this loan.

23. On or about February 21, 2007, debtor received a notice from Sovereign Bank claiming that the servicing of this loan had been transferred from Mortgage Lenders Network USA to Sovereign Bank. Then on or about August 28, 2008, debtor received a notice that the servicing of this loan was transferred to Quantum Servicing. On or about December 1, 2008, a transfer of this claim was filed by Mortgage Lenders Network USA asserting they had transferred this claim to Quantum Servicing. There was no supporting documentation attached to this transfer of claim.

24. On May 18, 2009, debtor filed an objection to the claim of Quantum Servicing alleging failure to provide the proper documentation to support its' claim.

25. On August 13, 2009, An Order Disallowing this claim was entered as document number 81 in debtor's previous bankruptcy case no. 06-52363. After entry of this Order, on September 1, 2009, debtor's counsel sent a letter to Quantum Servicing advising that their claim had been disallowed and inviting them to provide any supporting documentation to establish their claim. No such documentation was provided.

26. Debtor successfully completed her previous bankruptcy case, no. 06-52363, and received her discharge on December 15, 2010.

27. On or about April 19, 2010, Debtor received notice that the servicing of this loan was transferred from Quantum Servicing to Strategic Recovery nka ClearSpring Loan Services, Inc.

28. Debtor's First Amended Plan filed in her current bankruptcy case, contained the following provision:

> The claim of the second lienholder fka Quantum Servicing and nka **CLEARSPRING LOAN SERVICES, ITS SUCCESSORS AND ASSIGNS** for the property located at 5821 Paddon Circle, San Jose, CA 95123 shall be avoided by way of adversary proceeding or motion on the grounds that such claim was disallowed in bankruptcy case no. 06-52363. The Trustee shall make no disbursements to the creditor.

29. The Debtor's First Amended Plan was filed and served on January 8, 2016. This plan was served on ClearSpring Loan Services, Inc. as the only known servicer of this loan to the debtor at the time.

30.     Subsequently, Debtor filed and served her second Amended Plan which contained the following provision:

> The claim of the second lienholder fka Quantum Servicing and nka **CLEARSPRING LOAN SERVICES, ITS SUCCESSORS AND ASSIGNS** for the property located at 5821 Paddon Circle, San Jose, CA 95123 shall be avoided by way of adversary proceeding or motion and Judgment for Avoiding this Lien shall be entered upon the granting of this motion on the grounds that such claim was disallowed in bankruptcy case no. 06-52363. The Trustee shall make no disbursements to the creditor.

31.     The Second Amended Plan was filed and served on February 4, 2016. ClearSpring Loan Services was served with this Second Amended Plan.

32.     Some time after the filing of her second amended plan, a Notice of servicing Transfer addressed only to the debtor's ex-husband, Ryan A. Lee, received by the debtor at the subject property was located. This Notice stated that servicing of the second loan had been transferred from ClearSpring Loan Services, Inc, to FCI Lender Services, Inc. on or about October 15, 2015. On or about March 21, 2016, a representative from ClearSpring Loan Services, Inc. verified a transfer occurred on October 5, 2015 and also stated that the owner of the loan was GFP IV PR SUB LLC at 6500 International Parkway, Plan, Texas 75093.

33.     On April 4, 2016, Debtor filed and served her Third Amended Plan which again had the following provision:

> The claim of the second lienholder fka Quantum Servicing and nka **CLEARSPRING LOAN SERVICES, ITS SUCCESSORS AND ASSIGNS** for the property located at 5821 Paddon Circle, San Jose, CA 95123 shall be avoided by way of adversary proceeding or motion and Judgment for Avoiding this Lien shall be entered upon the granting of this motion on the grounds that such claim was disallowed in bankruptcy case no. 06-52363. The Trustee shall make no disbursements to the creditor.

34.     The Debtor's Third Amended Plan was served on Defendants, ClearSpring Loan Services, FCI Lender Services, Inc. and GFP IV PR SUB LLC.

35.     Recently, upon review of records at the Santa Clara County Recorder's Office, debtor discovered that an assignment of this deed of trust was recorded on March 14, 2016 as document number 23243571 with the Santa Clara County Recorder's Office. This Assignment purports to assign the second lien from Decision One Mortgage Company, LLC to 20 CAP Fund I, LLC executed on November 5, 2015 by MERS as nominee for Decision One Mortgage Company, LLC.

36. On May 26, 2016, Debtor's counsel received an e-mail from Liana Miklenko, Bankruptcy Manager, Specialty Loan Servicing of FCI Lender Services, Inc. In this e-mail, Ms. Miklenko advised that servicing of this loan was transferred on April 5, 2016 to Note Resolutions, LLC.

37. At all times subsequent to May 15, 2015, the automatic stay provisions of 11 U.S.C. §362(a) were in full force and effect.

38. ClearSpring Loan Services, Inc., FCI Lender Services, Inc. and GFP IV PR SUB LLC have not filed any objections to confirmation of the Debtor's Plan.

**First Cause of Action**
**(Nature, Extent and Validity of Lien)**

39. The allegations in paragraphs 1 through 38 of this complaint are realleged and incorporated herein by this reference.

40. Pursuant to 11 U.S.C. §506 and Bankruptcy Rule 7001, Plaintiff is entitled to a determination as to what extent and amount, if any, Defendant's lien remains a valid and existing lien on the subject property.

41. The Order Disallowing Claim entered on August 13, 2009, renders the value of the second lien at zero, and, as such, the lien is void pursuant to 11 U.S.C. §506(d).

**Second Cause of Action**
**(Avoidance of Post-Petition Transfer, 11 U.S.C. §549)**

42. The allegations in paragraphs 1 through 41 of this complaint are realleged and incorporated herein by this reference.

43. The assignment of the deed of trust for the second lien recorded on March 14, 2016 was an improper post-petition transfer as it was recorded after the filing of the debtor's current bankruptcy case.

44. Debtor has the right to avoid this post-petition transfer of the second lien. In re Cohen, 305 B.R. 886 (9th Cir. BAP 2004.)

45. The assignment of the deed of trust for the second lien recorded on March 14, 2016 was not authorized by the bankruptcy court or under any section of the Bankruptcy Code.

46. The assignment of the deed of trust for the second lien recorded on March14,

2016 recorded as document number 23243571 with the Santa Clara County Recorder's Office is void and unenforceable.

### Third Cause of Action
### (Violation of Automatic Stay, 11 U.S.C. §362)

47. The allegations in paragraphs 1 through 46 of this complaint are realleged and incorporated herein by this reference.

48. The post-petition recording of the assignment of the deed of trust on March 14, 2016 constitutes an act to perfect or enforce a lien against property of the debtor's bankruptcy estate in violation of 11 U.S.C. §362 (4) & (5).

49. Violations of the automatic stay are void. In re Schwartz, 954 F. 2d 569 (9th Cir. 1992).

50. Debtor is entitled to Judgment Avoiding the Lien recorded as document 23243571 with the Santa Clara County Recorder's Office because it was recorded in violation of the automatic stay and thus void.

### Fourth Cause of Action
### (Quiet Title, California Code of Civil Procedure § 760 )

51. The allegations in paragraphs 1 through 50 of this complaint are realleged and incorporated herein by this reference.

52. Debtor is the sole holder of legal title to the subject property more commonly known as 5821 Paddon Circle, San Jose, California 95123 and legally described as: "Lot 97, as shown on the map entitled, "Tract No. 4493", which map was filed for record in the Office of the Recorder of the County of Santa Clara, State of California, on July 10, 1968 in Book 239 of Maps, at Pages 46 and 47."

53. The assignment of the deed of trust recorded as document number 23243571 with the Santa Clara County Recorder's Office constitutes a cloud on title to the subject property in that this deed of trust is void as an improper post-petition transfer and void due to its recording in violation of the automatic stay.

54. Additionally, the original deed of trust recorded as document number 17830179 is also a cloud on debtor's title because this secured claim was disallowed by the Order Disallowing Claim entered on August 13, 2009.

55. The Order Disallowing Claim entered on August 13, 2009 reduced the value of the second lien to zero and thus void pursuant to 11 U.S. C. §506(d).

56. Debtor is entitled to Judgment Avoiding the Second Lien and to deem the lien recordings as document numbers 17830179 and 23243571 with the Santa Clara County Recorder's Office to be permanently and forever void and unenforceable to be effective as of the date of the Order Disallowing Claim, August 13, 2009.

**Fifth Cause of Action**
**(Declaratory Relief as to Invalid Assignment of Second Lien)**

57. The allegations in paragraphs 1 through 56 of this complaint are realleged and incorporated herein by this reference.

58. An actual controversy now exists between Plaintiff and Defendants, Note Resolutions, LLC, FCI Lender Services, 20 CAP FUND I, LLC and MERS (Mortgage Electronic Registration Systems).

59. Defendants, FCI Lender Services, 20 CAP FUND I, LLC and MERS (Mortgage Electronic Registration Systems caused the improper recording of an invalid assignment of the Deed of Trust for the second lien against the subject property because the second lien had already been disallowed in the debtor's prior bankruptcy case.

60. The assignment was also improper and therefore invalid because Decision One Mortgage Company, LLC had gone out of business more than seven years before this purported assignment occurred on November 5, 2015. MERS could not act as a nominee for an entity that did not exist as a matter of law.

61. Plaintiff is entitled to a declaratory ruling that the assignment of the second lien executed on November 5, 2015 was invalid and void due to the disallowance of this claim.

62. Plaintiff is entitled to a declaratory ruling that the assignment of the second lien executed on November 5, 2015 and subsequently recorded as document number 23243571 is void because MERS had no authority to act on behalf of an entity that was no longer in business at the time of this assignment and also because this secured claim had been disallowed in debtor's previous bankruptcy case.

## Sixth Cause of Action
**(Declaratory Relief as to Acceptance of Terms of Debtor's Plan)**

63. The allegations in paragraphs 1 through 62 of this complaint are realleged and incorporated herein by this reference.

64. Defendants, ClearSpring Loan Services, Inc., FCI Lender Services, Inc. and GFP IV PR SUB LLC have not objected to the terms of the debtor's Chapter 13 plan providing for Judgment Avoiding the second lien. Failure to object constitutes acceptance of these terms per 11 U.S.C.§ 1323(c).

65. Plaintiff is entitled to a declaratory ruling that Judgment Avoiding the Second Lien against the subject property as of the filing of the debtor's bankruptcy case should enter.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth below:

    a. For a determination as to the nature, extent and validity of the second lien against the subject property;

    b. For the second lien to have no further force and effect as a secured lien against the subject property and for it to be declared null and void as against the subject property;

    c. For Judgment Avoiding Lien as to the document recordings numbered 17830179 and 23243571 to be permanently and forever void and unenforceable against the subject property;

    c. For attorney's fees and costs incurred in bringing this action; and

    d. Other such declaratory or other relief as the Court deems just and proper.

DATED: May 26, 2016        SILVEIRA LAW OFFICES

By:/s/ Susan D. Silveira
Susan D. Silveira, Attorney for Debtor