SCHEER LAW GROUP, LLP
SPENCER P. SCHEER, Bar#:107750
JONATHAN SEIGEL, Bar#: 168224
JOSHUA L. SCHEER, Bar#: 242722
REILLY D. WILKINSON, Bar#: 250086
155 N. Redwood Drive. Ste 100
San Rafael, CA 94903
(415) 491-8900
(415) 491-8910 (FAX)
PN.100-003S

Attorneys for Defendant, LP 401K TRUST, its successors and/or assignees

UNITED STATES BANKUPTCY COURT

NORTHERN DISTICT OF CALIFORNIA

In re:

JENNIFER L. CARLSON,

    Debtor.

---

JENNIFER L. CARLSON,

    Plaintiff.

vs.

20 CAP FUND I, LLC; Note Resolutions, LLC a subsidiary of National Note Group, FCI Lender Services, Inc. GFP IV PR SUB, LLC its successors and assigns; CLEARSPRING LOAN SERVICESM, INC. fka Strategic Recovery Group, LLC, its Successors and Assigns; transferee from Quantum Servicing Corporation, transferee from MortgageLenders Network USA, Inc. transferee/assignee from Decision One Mortgage Company LLC and MERS, Inc. (Mortgage Electronic Registration Systems, Inc.), and LP 401k TRUST, its successors and/or assignees;

    Defendants.

Bk. No. 15-51665-MEH

AP No. 16-05035

Chapter 13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT LP 401K TRUST'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Hearing-
Date: September 12, 2016
Time: 11:00 a.m
Place: Bankruptcy Court
    280 South First Street
    Courtroom 3020
    San Jose, CA

# TABLE OF CONTENTS

I. INTRODUCTION..................................................................... 4

II. FACTS................................................................................ 5

III. ARGUMENT....................................................................... 7

    A. General Principals re Motion to Dismiss under FRCP 12(b)(6)............................................................. 7

    B. Plaintiff's Second Amended Complaint is Void as She did not Obtain Leave to Amend..............................................................8

    C. Plaintiff's First Cause of Action for Nature, Extent and Validity of Lien should be dismissed as Plaintiff Never Avoided Lender's Lien in the Prior Bankruptcy..........................................................................8

    D. The Second Cause of Action for Avoidance of Post-Petition Transfer Should be Dismissed as Post-Petition Assignments are Not Avoidable Tranfers.............10

    E. The Third Cause of Action for Violation of Automatic Stay Should be Dismissed as Post-Petition Transfers are not Attempts to Perfect or Enforce a Lien........ ..11

    F. The Fourth Cause of Action for Quiet Title Should be Dismissed as the Post-Petition Transfers were not Improper the Prior Order Disallowing the POC Does not Void the Deed of Trust.......................................................... 12

    G. The Fifth Cause of Action for Declaratory Relief as to Invalid Assignment of Second Lien Should Be Dismissed as it Fails to State a Claim.................... .........12

    H. The Sixth Cause of Action for Declaratory Relief as to Acceptance of Terms of Debtor's Plan Should be Dismissed as It is an Improper Request and Fails to State a Claim................................................................. 13

    I. The Seventh Cause of Action for Violation of Discharge Injunction Should be Dismissed as the Issue is not Ripe..................................................... 14

IV. CONCLUSION................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)………. 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). 7

*In re Blendheim* (9th Cir. 2015) 803 F.3d 477……………………………………………..9

*Flight Engineers' International Ass'n. v. Trans World Airlines, Inc.*, 305 F.2d 675, 680 (8th Cir. 1962)……………………………………………………………………………………….13

*Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002)……………………………….8

*In re Azevedo*, 506 B.R. 277, 283 (Bankr. E.D. Cal. 2014)

*In re Allied Artists Pictures Corp.*, 71 B.R. 445, 448-449 (S.D.N.Y. 1987)……………14

*In re Braun,* 152 B.R. 466 (Bankr.N.D.Ohio 1993)………………………………………9

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008)…………………7

*In re Patton*, 314 BR 826, 834 (Bankr.D.Kan.2004). ……………………………..10,12,14

*In re Samuels*, 2010 WL 2651909 (Bankr.D.Mass.2010)………………………………11

*In re Schuman*, 81 B.R. 583, 587 (9th Cir. BAP 1987)……………………………….,10

*In re Walker*, 151 B.R. 1006, 1009 (Bankr.E.D.Ark.1993)……………………………10

*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008)……………7

*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)…………………………………8

*Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)………………………8

*Magno v. Rigsby (In re Magno)*, 216 B.R.34, 38 (9th Cir. BAP 1997)…………………15

*Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008)…………………7

*Perez v. Secretary of Health, Education and Welfare*, 354 F. Supp. 1342, 1346 (D.P.R. 1972)..13

*Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059 (9th Cir. 2002).................................15

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).............................7

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)..........................................................8

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277, 130 S. Ct. 1367, 1381, 176 L. Ed. 2d 158 (2010),...................................................................................................14

*Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999).....................................................7

**Other Authority**

11 U.S.C. § 362.................................................................................................................11

11 U.S.C. §549 ................................................................................................................10

11 U.S.C. §1325................................................................................................................14

FRCP 12 (b)(6)..............................................................................................................7,8

Fed.R.Civ.P. 15(a)...............................................................................................................8

Bankruptcy Rule 7012........................................................................................................4

Fed. R. Bankr. P. 3001......................................................................................................11

Local Bankruptcy Rule 3015-1(b)(4)...............................................................................13

Cal. Civ.Code § 1213........................................................................................................11

Code Civ Proc § 761.020..................................................................................................12

Defendant LP 401K TRUST, its successors and/or assignees ("**Defendant**"), submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Adversary Proceeding, filed as 16-05035-MEH ("**Complaint**"), pursuant to FRCP 12 (b)(6) and Bankruptcy Rule 7012. This Memorandum is based on the pleadings and records on file in this matter; the Request for Judicial Notice, the Motion to Dismiss filed concurrently herewith and the Plaintiff's underlying bankruptcy proceeding.

## I. INTRODUCTION

Defendant seeks an Order dismissing the First, Second, Third, Fourth, Fifth, Sixth, and Seventh causes of action in the Plaintiff's Second Amended Complaint on the grounds that these causes of action fail to state a claim upon which relief may be granted. Not only has Plaintiff amended her complaint for the second time without obtaining leave to amend, but she is attempting to allege that a valid deed of trust is void and the universally recognized act of transferring a claim post-petition is a violation of the automatic stay. This attempt comes after Plaintiff filed schedules and a plan acknowledging the legitimacy of the subject deed of trust. Only after it became clear that Plaintiff would not be able to avoid the deed of trust as there was equity in the Property to protect the lien did she change her argument and file this adversary alleging the prior order disallowing the claim voids the deed of trust. Plaintiff should not be allowed to acknowledge the validity of the claim time and time again, only to change her argument once it suits her purpose. As will be shown, the adversary should be dismissed due to Plaintiff's failure to plead facts sufficient to support these claims.

## II. FACTS

1. On May 2004, prior to the filing of the petition, Plaintiff and her then husband, Ryan Lee ("Lee") obtained a loan ("Loan") for the purpose of purchasing real property located at 5821 Paddon Circle, San Jose, CA 95123 ("Property") [Complaint ¶ 19].

2. The Loan is secured by a second deed of trust on the Property. [Complaint ¶ 19]. The Deed of Trust was recorded on June 4, 2004. [RJN # 1]

3. In June of 2005, Plaintiff and Lee separated formally and their divorce was finalized on July 21, 2006. Plaintiff was awarded sole legal title to the Property. [Complaint ¶ 20]. Lee was not removed from his obligation under the Loan.

4. On November 17, 2006, Plaintiff filed a petition under Chapter 13 of the Bankruptcy Code ("First Bankruptcy"), Lee did not join Plaintiff in the First Bankruptcy. [Complaint ¶ 22].

5. In Schedule D filed in the First Bankruptcy, Plaintiff lists the claim on the Property as being secured. [RJN #2].

6. On November 30, 2006, Mortgage Lenders Network USA filed a proof of claim in the First Bankruptcy ("POC"). [Complaint ¶ 23].

7. On December 1, 2008, Mortgage Lenders Network USA filed a notice of transfer of claim, transferring the POC to Quantum Servicing. [Complaint ¶ 24].

8. On May 18, 2009, Plaintiff filed an objection to the POC due to failure to provide proper documentation to establish a claim. [Complaint ¶ 25].

9. Quantum Servicing failed to respond to Plaintiff's Objection to POC and the Court entered an order disallowing the POC on August 13, 2009. [Complaint ¶ 26]

10. On May 15, 2015, Plaintiff filed a petition under Chapter 13 of the Bankruptcy Code ("Second Bankruptcy"). [Complaint ¶ 18].

11. In her initial Schedule D filed in the Second Bankruptcy, Plaintiff listed the second deed of trust as secured and does not dispute the claim. She also lists the value of the Property as being $621,000 and the senior lienholder's claim amount as $665,000. [RJN #3]

12. In her initial Plan filed in the Second Bankruptcy, Plaintiff provides that the second deed of trust will be avoided as it is wholly unsecured. [RJN #4]

13. On September 2, 2015, the senior lienholder filed a proof of claim providing a claim amount of $615,650.53, which provides over $5,000 in equity to protect Defendant's lien. [RJN #4]

13. On November 4, 2015, the Deed of Trust was assigned to 20 Cap Fund I, LLC. The Assignment was recorded on March 14, 2016. [Complaint ¶ 26]

14. On January 8, 2016, Plaintiff amended her Schedule D to provide for the second deed of trust being valueless as the POC in the First Bankruptcy was disallowed. Plaintiff value of the Property as being $750,000. [RJN #5]

15. On February 15, 2016, the Deed of Trust was assigned to Defendant. Defendant has yet to record the assignment. [RJN #6]

16. On April 4, 2016, Plaintiff filed an amended Plan that provides that the second deed of trust will be avoided via an adversary due to the POC in the First Bankruptcy being disallowed. [RJN #7]

17. On May 17, 2016, Plaintiff filed the initial adversary complaint.

18. On May 27, 2016, Plaintiff filed a first amended adversary complaint.

19. On June 28, 2016, Plaintiff filed a second amended adversary complaint.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS. - Page 6

### III. ARGUMENT
#### A. General Principals re Motion to Dismiss under FRCP 12(b)(6)

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). A Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

To be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but it may take judicial notice of public records outside the pleadings, review materials which are properly submitted as part of the complaint, and review documents that are incorporated by reference in the Complaint if no party questions their authenticity. See *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). If a Rule 12(b)(6) motion is granted, "[the] leave to amend need not be granted where amendment would be futile. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

### B. Plaintiff's Second Amended Complaint is Void as She did not Obtain Leave to Amend.

*Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a) which provides, in relevant part: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise ... a party may amend the party's pleading only by leave of court or by written consent of the adverse party ...." Fed.R.Civ.P. 15(a) (emphasis added)*

This is Plaintiff's second amended complaint. Pursuant to FRCP 15(a), she may amend her pleading once at any time before a responsive pleading is filed. Otherwise, she may only amend by leave or by written consent of adverse party. Plaintiff amended her complaint on May 27, 2016. She then amended the complaint a second time on June 28, 2016. However, Plaintiff did not obtain the consent of Defendant or leave of court before filing the second amended complaint. Therefore, the second amended complaint is void and should be dismissed.

### C. Plaintiff's First Cause of Action for Nature, Extent and Validity of Lien should be dismissed as Plaintiff Never Avoided Lender's Lien in the Prior Bankruptcy.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS. - Page 8

In the First Cause of Action Plaintiff seeks a determination that Defendant's lien is void. (Complaint ¶¶ 43-44). As the Plaintiff has not pled any facts to support objection to the proof of claim, Plaintiff's First Cause of Action should be dismissed.

First, Debtor relies solely on *In re Blendheim* (9th Cir. 2015) 803 F.3d 477 in support of her contention that the order disallowing the POC in the First Bankruptcy. However, the ruling in *Blendheim* was issued on October 1, 2015, over six (6) years prior to the order disallowing the claim. Nothing in the *Bleindheim* case provides guidance that the ruling should be applied retroactively.

Second, Blendheim is distinguishable from the current case. In Blendheim, a Chapter 20 debtor objected to a proof of claim on the grounds that it did not provide sufficient evidence of a claim and the purported note was forged. Debtor objected to the proof of claim and the once an order was obtained, filed an adversary proceeding in the same bankruptcy.

Here, Plaintiff obtained an order disallowing the POC in the First Bankruptcy merely due to a failure to respond to the objection. She failed to file an adversary in the First Bankruptcy to avoid the deed of trust. Instead, after obtaining the order disallowing the POC, she acknowledged the lien by filed a motion to value alleging that the deed of trust was completely underwater. This was unsuccessful. Then, six years later she files the current bankruptcy and, again (via her schedules and initial plan), acknowledge that the deed of trust is valid and undisputed.

Third, Plaintiff failed to avoid the deed of trust in the First Bankruptcy. Although, Plaintiff obtained an order disallowing the lien in her First Bankruptcy she failed to obtain an order avoiding the lien. Generally, liens not avoided during bankruptcy survive after bankruptcy. *In re Braun*, 152 B.R. 466 (Bankr.N.D.Ohio 1993); *In re Walker*, 151 B.R. 1006, 1009 (Bankr.E.D.Ark.1993).

Fourth, it appears as though Plaintiff is making up arguments as they suit her. Initially, Plaintiff filed schedules providing for no equity in the Property to support the second deed of trust on the Property. Once the senior lienholder filed its proof of claim which, according to Plaintiff's own valuation, provided for equity to support the second deed of trust, she amended her schedules to provide for an increase in value of $85,000 and the argument that the lien was void as it was disallowed in the First Bankruptcy. As Plaintiff already acknowledged the claim and lien as valid in her initial schedules, her argument that the lien had been void since 2009 should not be taken seriously.

### D. The Second Cause of Action for Avoidance of Post-Petition Transfer Pursuant to 11 U.S.C. §549 Should be Dismissed as Post-Petition Assignments Are Not Avoidable Transfers.

In Plaintiff's second cause of action, she alleges that the post-petition assignments of the deed of trust for the second lien were improper and subject to avoidance as they took place after the petition date and were not authorized by the bankruptcy court. Although she fails to elaborate, it appears that Plaintiff is relying on 11 U.S.C. §549.

The subject Deed of Trust was perfected on June 4, 2004 when it was recorded in Santa Clara County. The subsequent recording of an assignment does not constitute an act to perfect a security interest in the Property. As the Court in *In re Schuman*, 81 B.R. 583, 587 (9th Cir. BAP 1987, held, "In California, perfection of a deed of trust occurs upon recordation of the document with the county recorder".

The Assignments merely evidence the transfer of the beneficial interest under the Deed of Trust to LP 401k Trust. The transfer of a beneficial interest in a deed of trust is not an act of perfection of a lien. See *In re Patton*, 314 BR 826, 834 (Bankr.D.Kan.2004). The lien on the property is perfected at the time the Deed of Trust is recorded, which in the present case was well before the filing of the bankruptcy petition. See Cal. Civ.Code § 1213. Additionally, the Plaintiff–Debtors do not have an interest in the Note which is secured by the Deed of Trust

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS. - Page 10

Case: 16-05035    Doc# 15-1    Filed: 07/29/16    Entered: 07/29/16 17:47:03    Page 11 of 16

encumbering the property and thus, the Note and Deed of Trust are not property of the estate. Therefore, a post-petition assignment of the deed of trust and related Note from one holder to another is not a transfer of the Plaintiff–Debtors' interest in a property right and does not subject the transfer to avoidance. See In re Samuels, 2010 WL 2651909 (Bankr.D.Mass.2010).

Further, the bankruptcy court has created a judicial form to facilitate the transfer of claims post-petition pursuant to Fed. R. Bankr. P. 3001 (e) (Form 2100A). For the Court to create a form and procedure allowing for an action that would be deemed void would be nonsensical. As the second cause of action in the Plaintiff's Complaint fails to identify any legal theory by which the Plaintiff may proceed against LP 401k Trust, it should be dismissed.

### E. The Third Cause of Action for Violation of Automatic Stay Pursuant to 11 U.S.C. § 362 Should be Dismissed as Post-Petition Assignments Are Not Attempts to Perfect or Enforce a Lien.

In the Plaintiff's third cause of action, she alleges that the post-petition assignment of the Deed of Trust and subsequent recording constituted an act to perfect or enforce a lien against property of the debtor's bankruptcy estate in violation of 11 U.S.C. § 362(4) and (5). As will be shown, these allegations fail as a matter of law and should be dismissed.

11 U.S.C. § 362(a) holds in relevant part:

*A petition under section 301, 302, or 330 of this title... operates as a stay, applicable to all entities, of*
*(4) any act to create, perfect, or enforce any lien against property of the estate; and*
*(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that lien secures a claim that arose before the commencement of the case under this title.*

As discussed above in relation to the Second Cause of Action, this claim is baseless. The transfer of a beneficial interest in a deed of trust is not an act of perfection of a lien. See *In re*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS. - Page 11

*Patton*, 314 BR 826, 834. The Deed of Trust was recorded prior to the petition date. therefore the assignment is not an act of perfection.

Therefore the third cause of action in the Plaintiff's Complaint fails to identify any legal theory by which the Plaintiff may proceed against LP 401k Trust, it should be dismissed.

**F.     The Fourth Cause of Action for Quiet Title Should be Dismissed as the Post-Petition Transfers Were not Improper and the Prior Order Disallowing the POC Does Not Void the Deed of Trust**

In Plaintiff's Fourth Cause of Action, she is seeking an order avoiding Defendant's assignment and deed of trust on the Property due to the fact that the Assignment was executed and recorded post-petition and due to the fact that she obtained an order disallowing the POC in the First Bankruptcy.

To state a claim for quiet title, a complaint must be verified and include (1) a description of the real property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Code Civ Proc § 761.020. Plaintiff has failed to allege any facts that would justify quiet title. Further, she has failed to file a verified complaint. Therefore this cause of action should be dismissed.

**G.     The Fifth Cause of Action for Declaratory Relief as to Invalid Assignment of Second Lien Should be Dismissed as it Fails to State a Claim.**

In the Plaintiff's fifth cause of action she alleges that the subject assignment is invalid because the original lender had gone out of business at the time the assignment occurred. Plaintiff has not pled a cause of action to support declaratory relief and therefore this cause of

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS. - Page 12

action should be dismissed. As the Court in In re Allied Artists Pictures Corp., 71 B.R. 445, 448-449 (S.D.N.Y. 1987) propounded:

> *A declaratory judgment may be rendered only to resolve some actual controversy. 28 U.S.C. section 2201 (covering declaratory judgment actions brought in "any court"). An action becomes moot, and thus not a proper subject for declaratory judgment or any other form of adjudication, when the judgment sought, even if granted, could have no practical effect upon the alleged controversy. Citing Flight Engineers' International Ass'n. v. Trans World Airlines, Inc., 305 F.2d 675, 680 (8th Cir. 1962); Perez v. Secretary of Health, Education and Welfare, 354 F. Supp. 1342, 1346 (D.P.R. 1972).*

Plaintiff has failed to articulate how declaratory relief would have any practical effect in this matter. As such, this cause of action should be dismissed.

### H. The Sixth Cause of Action for Declaratory Relief as to Acceptance of Terms of Debtor's Plan Should be Dismissed as This is an Improper Request.

The Plaintiff is seeking an order providing acceptance of the terms of the proposed Plan. This request is based on the fact that prior assignors, and defendants in this matter, failed to object to the Plan. However, Local Bankruptcy Rule 3015-1(b)(4) provides that late-filed objections will be considered if they are made prior to plan confirmation. Defendant filed objections to Plaintiff proposed Plan on June 22, 2016, the objections were heard by this Court, and the confirmation hearing has been continued to August 30, 2016. As the Plan has yet to be confirmed and these proceeding remain unresolved, this request is premature.

Further, pursuant to the Supreme Court in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277, 130 S. Ct. 1367, 1381, 176 L. Ed. 2d 158 (2010), "§ 1325(a) instructs a bankruptcy court to confirm a plan only if the court finds, inter alia, that the plan complies with the " applicable provisions" of the Code. § 1325(a) (providing that a bankruptcy court "shall

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS. - Page 13

confirm a plan" if the plan "complies with the provisions of" Chapter 13 and with "other applicable provisions of this title". As shown above, Plaintiff initially acknowledged the claim and appeared to be attempting to avoid the deed of trust due to it being wholly unsecured. After it became evidence that she was not able to pursue a motion to avoid based on the value of the Property, she changed course and proposed a plan that avoids Defendant's lien on the basis that, due to the order disallowing the POC in the First Bankruptcy, the lien is void. As shown above, this is not a valid argument and this cause of action should be dismissed.

### I. The Seventh Cause of Action for Violation of Discharge Inunction Should be Dismissed as the Issue is not Ripe

In the Plaintiff's seventh cause of action, she seeks a judgment finding that Defendant violated the discharge injunction. She fails to specify what actions Defendant has taken that violate the discharge injunction. However, she does allege that due to the prior order disallowing the POC in the First Bankruptcy, the deed of trust is void and "the post-discharge collection activity carried out by defendant" is a violation of the discharge injunction. As discussed in response to cause of actions 2 and 3, the transfer of a beneficial interest in a deed of trust is not an act of perfection of a lien. See *In re Patton*, 314 BR 826, 834. The Deed of Trust was recorded prior to the petition date. therefore the assignment is not an act of perfection and not an attempt to collect on a debt.

Further, his issue is not ripe as Plaintiff has yet to obtain an judgment voiding the second deed of trust on the Property. The standard for finding a party in civil contempt is that the moving party has the burden of showing by clear and convincing evidence that the parties violated a specific and definite order of the court. The burden then shifts to the alleged violators to demonstrate why they were unable to comply (See *In re Azevedo*, 506 B.R. 277, 283 (Bankr. E.D. Cal. 2014) citing *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059 (9th Cir. 2002)). Here,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS. - Page 14

Plaintiff has not obtained an order voiding the second deed of trust on the Property. Therefore she cannot show that Defendant violated any order. This cause of action should be dismissed it fails to state a cause of action.

### IV. Conclusion

Defendant requests that this Court dismiss the Complaint with prejudice. In exercising its discretion to allow, or disallow, the amendment of a pleading, the bankruptcy court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Magno v. Rigsby (In re Magno)*, 216 B.R.34, 38 (9th Cir. BAP 1997).

Plaintiff has failed to sufficiently plead facts to support the remaining causes of action. This Court should rule on Plaintiff's claims and dismiss the Complaint with prejudice.

SCHEER LAW GROUP, LLP

Dated: July 29, 2016

/s/ Reilly D. Wilkinson
#250086
Attorneys for Defendant

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS. - Page 15

Case: 16-05035    Doc# 15-1    Filed: 07/29/16    Entered: 07/29/16 17:47:03    Page 16 of 16