**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Hassan Elrakabawy (SBN 248146)
Dhruv M. Sharma (SBN 279545)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone: (949) 381-5900
Facsimile: (949) 271-4040
Email: bpaino@mcglinchey.com
helrakabawy@mcglinchey.com
dsharma@mcglinchey.com

Attorneys for *Defendants* **CLEARSPRING LOAN SERVICING, LLC, GFP IV PR SUB, LLC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>JENNIFER L. CARLSON,<br><br>Debtor. | BK Case No.: 15-51665 MEH<br><br>Chapter 13<br><br>Adv. No.: 16-05035 |
| JENNIFER L. CARLSON,<br><br>Plaintiff,<br><br>vs.<br><br>20 CAP FUND, LLC; Note Resolutions, LLC a subsidiary of National Note Group, FCI Lender Services, Inc., GFP IV PR SUB, LLC, its successors and assigns; CLEARSPRING LOAN SERVICES, INC., fka Strategic Recovery Group, LLC, its Successors and Assigns; transferee from Quantum Servicing Corporation, transferee from MortgageLenders Network USA, Inc. transferee/assignee from Decision One Mortgage Company LLC and MERS, Inc. (Mortgage Electronic Registration Systems, Inc.), and LP 401k Trust, its successors and assignees;<br><br>Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>**Hearing**:<br>Date: September 12, 2016<br>Time: 11:00 a.m.<br>Ctrm.: 3020<br><br>Filed concurrently with:<br>Notice of Motion to Dismiss<br>Motion to Dismiss<br>Request for Judicial Notice |

*Defendants* ClearSpring Loan Services, Inc. ("ClearSpring"), GFP IV PR SUB, LLC ("GFP"), and Mortgage Electronic Registration Systems, Inc. ("MERS," and together with ClearSpring and GFP, the "Defendants") respectfully submit the following memorandum of points and authorities in support of their concurrently filed motion to dismiss.

## I. STATEMENT OF THE ISSUE

Whether *plaintiff* Jennifer Carlson's ("Plaintiff") Second Amended Complaint (the "SAC") states a claim upon which relief can be granted as against Defendants.

## II. INTRODUCTION

Through this action, Plaintiff seeks a determination regarding the enforceability of a mortgage loan. By her own admission, Defendants no longer claim any interest in the loan. Nevertheless, she inexplicably seeks a determination regarding the extent of Defendants' interest in the subject loan. She also seeks recourse for post-petition acts that she claims violated her rights as a debtor in the underlying bankruptcy. None of Plaintiff's enumerated claims have merit as against Defendants. To start, Plaintiff's lien avoidance claim fails because Defendants have not filed a claim in Plaintiff's underlying bankruptcy. Nor do they assert any continued lien rights in her residence.

Plaintiff's claims for the avoidance of a post-petition transfer and violation of the automatic stay both fail as Defendants did not take any proscribed act with respect to Plaintiff's property. Because Defendants do not assert a claim against Plaintiff's property, there is no basis for her quiet title claim as against Defendants. Neither of Plaintiff's declaratory relief claims are availing. On the contrary, she lacks standing to obtain a determination regarding the validity of an assignment of her mortgage loan. Her claim otherwise seeks to improperly circumvent the plan confirmation procedure in the underlying bankruptcy. Finally, Plaintiff fails to allege sufficient facts to establish that Defendants violated the discharge injunction. For these reasons, as explained more fully herein, the SAC should be dismissed as against Defendants.

## III. STATEMENT OF FACTS

### A. The Loan

On or about May 27, 2004, Plaintiff and Ryan A. Lee obtained a mortgage loan (the "Loan") from Decision One Mortgage Company, LLC ("Decision One") in the original principal sum of $111,000.00, which was reflected in a promissory note secured by a deed of trust (the "Deed of Trust") encumbering the real property located at 5821 Paddon Circle, San Jose, CA 95123 (the "Property"). (*See* SAC, ¶ 19). MERS was identified as the original beneficiary under the Deed of Trust. (*See id.*)

Subsequent to the origination of the Loan, MERS executed an Assignment of Deed that was recorded against the Property and put interested parties on notice that the beneficial interest under the Deed of Trust had been assigned to 20 CAP Fund I, LLC ("20 Cap Fund"). (*See* RJN, **Exhibit 1**).

ClearSpring was the authorized servicer of the Loan at the time Plaintiff filed her underlying bankruptcy, but the servicing rights were transferred to FCI Lender Services on or about October 5, 2016. (*See* SAC, ¶¶ 28, 33). GFP was a former owner of the Loan. (*See* SAC, ¶ 33).

### B. The Bankruptcies

On November 17, 2006, Plaintiff filed a voluntary petition (the "Prior Bankruptcy") under chapter 13 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"). (*See* SAC, ¶ 22; RJN, **Exhibit 2**). During the Prior Bankruptcy, Mortgage Lenders Network USA filed a Proof of Claim (the "Claim") on account of the Loan. (*See* SAC, ¶ 23; RJN, **Exhibit 2**). The Claim was subsequently transferred to Quantum Servicing and thereafter disallowed. (*See* SAC, ¶¶ 24-26).

Following the closing of the Prior Bankruptcy, on May 15, 2015, Plaintiff filed a second chapter 13 petition under the Bankruptcy Code, thereby initiating the bankruptcy underlying this action. (*See* RJN, **Exhibit 3**). Concurrently therewith, Plaintiff filed a proposed Chapter 13 Plan ("Plan"). (*See id.*) In response to the Plan, on June 22, 2016, the LP 401k Trust filed an Objection to Confirmation of Chapter 13 Plan, together with a supporting declaration (the "Declaration"). (*See id.*) The Declaration reflects that the LP 401k Trust is the current payee under the Note and assignee of the Deed of Trust. (*See* RJN, **Exhibit 4**).

### C. The Current Lawsuit

On May 17, 2016, Plaintiff commenced this action by filing an adversary complaint against Defendants, among others. (*See* RJN, **Exhibit 5**). She subsequently filed a First Amended Complaint on May 27, 2016. (*See id.*) Without obtaining leave of Court, on June 28, 2016, Plaintiff filed her SAC. (*See id.*)

///

///

## IV. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 8,[1] a complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). While the Federal Rules adopt a flexible pleading policy, every complaint must, at a minimum, "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Although a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' for his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). The Supreme Court has held that:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citations omitted).

Under Federal Rule of Civil Procedure 12(b)(6),[2] a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiffs. *See Love v. United States,* 915 F.2d 1242, 1245 (9th Cir.1990); *see also Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 588 (9th Cir.2008). The court may properly look beyond the complaint only to items in the record of the case or to matters of general public record. *See Emrich v. Touche Ross & Company*, 846 F.2d 1190, 1198 (9th Cir. 1988).

---

[1] As made applicable to this case by Federal Rule of Bankruptcy Procedure 7008.
[2] As made applicable to this case by Federal Rule of Bankruptcy Procedure 7012.

If the factual allegations in a complaint dot not raise the "right to relief above the speculative level," the complaint may be dismissed for failure to state a claim under Rule 12(b)(6). *See Twombly*, 550 U.S. at 555.

## V. ARGUMENT

### A. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN

Plaintiff's first cause of action seeks a determination regarding the nature, extent and validity of the lien evidenced by the Deed of Trust. She cites section 506 of the Bankruptcy Code as the statutory basis for her claim. (*See* SAC, ¶ 43). That statute provides, in pertinent part: "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." 11 U.S.C. § 506(d). Significantly, the filing of a proof of claim is a prerequisite to the use of section 506(d). *See In re Dembo*, 126 B.R. 195, 200 (Bankr. E.D. Pa. 1991); *In re Painter*, 84 B.R. 59, 61 (Bankr. W.D. Va. 1988). Because Defendants have not filed a proof of claim in Plaintiff's underlying bankruptcy, there is no basis for her invocation of section 506.

Assuming *arguendo* that Plaintiff properly invoked section 506, her claim is nevertheless meritless as against Defendants. Indeed, Plaintiff acknowledges in her SAC that Defendants do not claim any right, title or interest in the Loan.[3] More specifically, Plaintiff admits that the LP401k Trust (not Defendants) claims to be the owner of the Loan.[4] (*See* SAC, ¶ 40). She similarly admits that Note Resolutions, LLC is the current servicer of the Loan. (*See* SAC, ¶ 37). Judicially noticeable facts demonstrate that MERS no longer asserts any interest in the Deed of Trust. (*See* RJN, **Exhibit 1**). MERS otherwise served only in the limited capacity as a nominee for Decision One and its successors. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1151 (2011) (describing role of MERS in mortgage loan transactions). In short, Plaintiff cannot state a plausible claim against Defendants for the avoidance of a lien because they no longer claim any right in the lien at issue.

---

[3] Notably, Plaintiff's statement in the SAC constitute judicial admissions. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("A statement in a complaint, answer or pretrial order is a judicial admission [].").

[4] In fact, as stated above, the LP 401k Trust expressly represented in Plaintiff's bankruptcy that it is the payee of the Note and asignee of the Deed of Trust. (*See* RJN, **Exhibit 4**).

4  
CASE NO. 16-05035  
MEMORANDUM OF POINTS AND AUTHORITIES

### B. PLAINTIFF FAILS TO STATE A CLAIM FOR THE AVOIDANCE OF A POST-PETITION TRANSFER

Subject to certain exceptions, section 549 of the Bankruptcy Code permits the trustee to avoid a transfer of property of the estate that occurs after the commencement of a bankruptcy case. *See* 11 U.S.C. § 549(a). Chapter 13 debtors have standing to exercise the avoidance power conferred by section 549. *See In re Cohen*, 305 B.R. 886, 900 (9th Cir. BAP 2004). Critically, an avoidable transfer under section 549 must involve property of the estate. *See* 11 U.S.C. § 549(a).

Plaintiff's second claim in the SAC seeks to avoid the assignment of the Deed of Trust to the LP 401k Trust pursuant to section 549. She contends that the assignment is invalid because it was completed after her bankruptcy filing. (*See* SAC, ¶ 47). Her contention reflects a fundamental misunderstanding of the law. Indeed, "a transfer of pre-petition perfected collateral between creditors is not [] a transfer of property of the estate." *In re Sanchez*, 2011 WL 10656551, at * 7 (Bankr. E.D. Cal. 2011). This is precisely what occurred in this case. More specifically, 20 Cap Fund transferred its ownership interest in the Deed of Trust to the LP 401k Trust. Since the Deed of Trust was perfected prior to Plaintiff's bankruptcy and she has no ownership interest in the instrument, the assignment did not affect "property of the estate." As a consequence, it did not constitute a post-petition transfer as a matter of law. *See In re Sanchez*, 2011 WL 10656551, at * 7.

### C. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE AUTOMATIC STAY

Section 362(k) of the Bankruptcy Code provides, in pertinent part, that "an individual injured by a *willful* violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." *See* 11 U.S.C. § 362(k) (emphasis added). "A willful violation is satisfied if a party knew of the automatic stay, and its actions in violation of the stay were intentional." *Eskanos & Adler, P.C. v. Leetien,* 309 F.3d 1210, 1215 (9th Cir. 2002) (citing *Pinkstaff v. United States (In re Pinkstaff),* 974 F.2d 113, 115 (9th Cir. 1992)). Once a creditor has knowledge of the bankruptcy, it is deemed to have knowledge of the automatic stay. *Ramirez v. Fuselier (In re Ramirez),* 183 B.R. 583, 589 (9th Cir. BAP 1995). Punitive damages under section 362(k) are not warranted absent some showing of reckless or callous

disregard for the law or the rights of others. *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 228 (9th Cir. 1989).

Similar to her claim under section 549, Plaintiff relies on the post-petition assignment of the Deed of Trust to support her claim under section 362(k). She specifically contends that the assignment violated sections 362(a)(4) and (a)(5). (*See* SAC, ¶ 53). These two subsections proscribe acts to create, perfect, or enforce liens against property of the estate and property of the debtor, respectively. *See* 11 U.S.C. §§ 362(a)(4)-(5). As noted above, Plaintiff has never held any ownership interest in the Deed of Trust or Note. It necessarily follows that neither instrument became property of Plaintiff's bankruptcy estate. *See* 11 U.S.C. § 541(a) (defining property of the estate). Because neither Plaintiff nor her estate have any interest in the Loan, the post-petition assignment of the Deed of Trust did not violate the automatic stay. *See In re Sanchez*, 2011 WL 10656551, at *8 (concluding that a post-petition assignment does not violate the automatic stay). For these reasons, Plaintiff fails to state a claim for violation of the automatic stay.

### D. PLAINTIFF FAILS TO STATE A CLAIM FOR QUIET TITLE

The purpose of a quiet title action is to finally settle and determine the parties' conflicting claims to property and to obtain a declaration of the interest of each party. *See Newman v. Cornelius*, 3 Cal.App.3d 279, 284 (1970). In an action to quiet title, the quiet title claimant has the burden of proof to show every element of the right claimed. *See Tulare Dist. v. Lindsay-Strathmore Dist.*, 3 Cal.2d 489, 548 (1935). For a trustor to quiet title against a secured lender, he must first pay the outstanding debt on which the deed of trust is based. *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49, 86 (2013). "This rule is based upon the equitable principle that he who seeks equity must do equity." *Mix v. Sodd*, 126 Cal.App.3d 386, 390 (1981).

Plaintiff's fourth cause of action seeks an order quieting title to the Property. She contends that the Deed of Trust and assignment to the LP 401k Trust constitute a cloud on her title to the Property. (*See* SAC, ¶¶ 59-60). As an initial matter, Plaintiff's claim for quiet title fails due to her failure to tender the amounts due on the Loan. While there may be exceptions to the tender rule in certain contexts, those exceptions do not apply to quiet title claims. *See Urbano v. Bank of Am., N.A.*, 2012 WL 2934154, at *14 (E.D. Cal. 2012) (exceptions to tender rule do not apply in action to

quiet title). In any event, Plaintiff's claim for quiet title fails as against Defendants for the simple reason that Defendants do not asset any interest in the Property, a fact that Plaintiff acknowledges in her SAC. Absent a competing claim to the Property, Plaintiff cannot state a claim for quiet title against Defendants.

### E. PLAINTIFF FAILS TO STATE A CLAIM FOR DECLARATORY RELIEF

It is well recognized that claims for declaratory relief are not independent causes of action, but rather a prayer for relief. *See Javaheri v. JPMorgan Chase Bank, N.A.*, 2012 WL 3426278 at *8-9 (C.D. Cal. 2012). Declaratory relief may be unnecessary where an adequate remedy exists under some other cause of action. *See Mangindin v. Wash. Mut. Bank*, 637 F.Supp.2d 700, 707 (N.D. Cal. 2009). Likewise, "[d]eclaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1356–57 (9th Cir.1985). Ultimately, a plaintiff "is not entitled to [declaratory] relief absent a viable underlying claim." *Shaterian v. Wells Fargo Bank, N.A.*, 829 F.Supp.2d 873, 888 (N.D. Cal. 2011).

Pursuant to the SAC, Plaintiff seeks a declaration that the assignment of the Deed of Trust to the 401k Trust was invalid by virtue of the disallowance of the Claim in the Prior Bankruptcy. (*See* SAC, ¶ 66). She also seeks a judicial declaration that Defendants have implicitly accepted Plaintiff's Plan. (*See* SAC, ¶ 74). As explained below, there is no merit to Plaintiff's declaratory relief claims.

#### 1. The Assignment

Although Plaintiff contends that she is entitled to a determination that the assignment of the Deed of Trust was invalid, there is no legal support for this contention. This is because Plaintiff lacks standing to challenge the validity of the assignment of the Deed of Trust. *See McIntyre v. Alternative Loan Trust 2006-OC10*, 2015 WL 692243, at *3 (E.D. Cal. 2015) ("[B]orrowers who were not parties to the assignment of their deed-and whose rights were not affected by it-lack [ ] standing to challenge the assignment's validity because they had not alleged a concrete and particularized injury that is fairly traceable to the challenged assignment.") (citation and internal quotation omitted). Put simply, any defects in the assignment of the Deed of Trust affected the

assignor and assignee, not Plaintiff. As a result, Plaintiff fails to state a claim for declaratory relief based on the assignment of the Deed of Trust.

### 2. The Plan Confirmation

In effect, Plaintiff's second declaratory relief claim seeks to circumvent the Plan confirmation procedures in her underlying bankruptcy. She asks the Court to determine that Defendants have accepted her Plan, which has yet to be confirmed. (*See* SAC, ¶ 74). Not surprisingly, she offers no explanation for why she should not be required to follow the Plan confirmation procedures prescribed by chapter 13 of the Bankruptcy Code. Regardless, Plaintiff's claim can be dealt with swiftly. As a matter of law, the Plan has no binding effect on Defendants (or any other creditor for that matter) unless and until it has been confirmed. *See* 11 U.S.C. § 1327(a). It is therefore premature for the Court to determine the effect of the unconfirmed Plan on Defendants. For this reason, Plaintiff cannot demonstrate that declaratory relief on the issue of the effect of her proposed Plan would serve any useful purpose. Consequently, her declaratory relief claim necessarily fails.

### F. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE DISCHARGE INJUNCTION

Section 524 of the Bankruptcy Code provides that a discharge "operates as an injunction against the commencement or continuation of an action…to collect, recover or offset any [discharged] debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). A party who knowingly violates the discharge injunction can be held in contempt under section 105(a) of the Bankruptcy Code. *See Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1072 (9th Cir. 2002); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002); *In re Feagins*, 439 B.R. 165, 175 (Bankr. D. Haw. 2010). The party seeking contempt sanctions has the burden of proving, by clear and convincing evidence, that the sanctions are justified. *Feagins*, 439 B.R. at 176 (citing *Bennett*, 298 F.3d at 1069); *see also ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1007 (9th Cir. 2006). To justify sanctions, the "movant must prove that the creditor: (1) knew the discharge injunction was applicable and (2) intended the actions which violated the injunction." *Bennett*, 298 F.3d at 1069 (citation omitted).

Plaintiff's final claim seeks to hold Defendants liable for violation the discharge injunction from the Prior Bankruptcy. She falls woefully short of demonstrating that Defendants actually violated the discharge injunction. Indeed, she generally alleges that Defendants violated the discharge injunction by engaging in "post-discharge collection activity" on a claim that was disallowed. (*See* SAC, ¶¶ 78-79). Notably, she fails to differentiate between the several named defendants, making it impossible to determine what specific activity violated the discharge injunction. The SAC does not otherwise identify any specific collection activity that ClearSpring, GFP, or MERS engaged in. Given the foregoing deficiencies, Plaintiff has failed to state a claim against Defendants for violating the discharge injunction.

## VI. CONCLUSION

For the reasons set forth herein, Plaintiff's SAC should be dismissed as against Defendants. Since amendment would be futile, the dismissal should be with prejudice.

DATED: July 29, 2016         **McGLINCHEY STAFFORD**

By: */s/ Brian A. Paino*
    BRIAN A. PAINO
    HASSAN ELRAKABAWY
    DHRUV M. SHARMA
Attorneys for *Defendants* **CLEARSPRING LOAN SERVICING, LLC, GFP IV PR SUB, LLC, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**